UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 16-20399-CR-GAYLES/OTAZO-REYES

UNITED STATES OF AMERICA,

v.

SERGE FRANCOIS and
PATRICK TONGE,

Defendants.
_____/

## REPORT AND RECOMMENDATION

THIS CAUSE came before the Court upon the following motions:

(1)  Defendant Serge Francois' ("Defendant Francois" or "Francois") Motion to Dismiss Counts 1 through 13, Counts 15 through 19, and Count 34 of the Second Superseding Indictment (hereafter "Motion to Dismiss Second Superseding Indictment") [D.E. 223];

(2)  Defendant Patrick Tonge's ("Defendant Tonge" or "Tonge") Motion to Dismiss Counts 1, 3 through 13, and Counts 15 through 19, of the Second Superseding Indictment (hereafter "Motion to Dismiss Second Superseding Indictment") [D.E. 234];

(3)  Defendant Francois' Motion to Dismiss Counts 1 through 13, Counts 15 through 19, and Count 34 of the Third Superseding Indictment (hereafter "Motion to Dismiss Third Superseding Indictment") [D.E. 274];

(4)  Defendant Francois' Motion to Dismiss Counts 1 through 13, Counts 15 through 19, and Counts 34 and 35 of the Fourth Superseding Indictment (hereafter "Motion to Dismiss Fourth Superseding Indictment") [D.E. 287]; and

(5)  Defendant Tonge's Motion to Dismiss Counts 1, 3 through 13, and Counts 15

through 19, of the Fourth Superseding Indictment (hereafter "Motion to Dismiss Fourth Superseding Indictment") [D.E. 288].[1]

These matters were referred to the undersigned by the Honorable Darrin P. Gayles, United States District Judge, pursuant to Title 28, United States Code, Section 636 [D.E. 272, 275, 290]. The undersigned held a hearing on these matters on June 12, 2017. For the reasons stated below, the undersigned respectfully recommends that the Motions to Dismiss be DENIED.

## PROCEDURAL BACKGROUND

On May 23, 2017, Francois and Tonge were charged in the Fourth Superseding Indictment with the following offenses:

Count 1
Conspiracy to commit health care fraud and mail fraud, in violation of 18 U.S.C. § 1349, against Francois and Tonge.

Count 2
Health care fraud, in violation of 18 U.S.C. § 1347, against Francois.

Counts 3-13
Health care fraud, in violation of 18 U.S.C. § 1347, against Francois and Tonge.

Count 14
Conspiracy to defraud the United States and pay health care kickbacks, in violation of 18 U.S.C. § 371, against Francois and Tonge.

Counts 15-19
Payment of kickbacks in connection with a federal health care program, in violation of 42 U.S.C. § 1320a-7b(b)(2)(A), against Francois and Tonge.

Counts 20-22, 24-25, 27-33
Money laundering, in violation of 18 U.S.C. § 1957, against Francois.

Counts 23, 26
Money laundering, in violation of 18 U.S.C. § 1957, against Tonge.

Counts 34 and 35
Obstruction of a criminal investigation of a health care offense, in violation of 18 U.S.C. § 1518, against Francois.

---

[1] Collectively, "Motions to Dismiss."

2

Counts 36-43
Introduction of misbranded drugs into interstate commerce, in violation of 21 U.S.C. §§ 331(k) and 333(a)(1), against Francois and Tonge.

Counts 44-48
False statements relating to health care matters, in violation of 18 U.S.C. § 1035, against Francois.

These charges relate to an alleged scheme to submit false claims for compounded medications to the health care insurance program of the Department of Defense, known as TRICARE, and the Federal Employee Health Benefit Program, known as FEHBP.

In his Motion to Dismiss Fourth Superseding Indictment [D.E. 287], Defendant Francois has adopted the arguments set forth in his Motion to Dismiss Second Superseding Indictment [D.E. 223] and Motion to Dismiss Third Superseding Indictment [D.E. 274]. Similarly, in his Motion to Dismiss Fourth Superseding Indictment [D.E. 288], Defendant Tonge has adopted the arguments set forth in his Motion to Dismiss Second Superseding Indictment [D.E. 234]. Therefore, the undersigned need only address herein Defendant Francois' Motion to Dismiss Fourth Superseding Indictment [D.E. 287] and Defendant Tonge's Motion to Dismiss Fourth Superseding Indictment [D.E. 288].

Francois seeks dismissal of the following counts in the Fourth Superseding Indictment:

Count 1, which charges conspiracy to commit health care fraud and mail fraud, in violation of 18 U.S.C. § 1349, on the grounds that it charges two separate and distinct offenses, thus violating the prohibition against duplicitous counts;

Counts 2-13, which charge health care fraud, in violation of 18 U.S.C. § 1347, on the grounds that they fail to allege an essential mens rea element, thus failing to state an offense;

Counts 15-19, which charge payment of kickbacks in connection with a federal health care program, in violation of 42 U.S.C. § 1320a-7b(b)(2)(A), on the grounds that the precise conduct alleged therein is completely subsumed in the conduct alleged in Counts 2 through 13, thus rendering Counts 15 through 19 multiplicitous;[2] and

---

[2] Defense counsel acknowledged at the June 12th hearing that controlling Eleventh Circuit authority, namely, United States v. Moran, 778 F.3d 942, 964 (11th Cir. 2015), disposes of this argument and that it

3

Counts 34 and 35, which charge obstruction of a criminal investigation of a health care offense, in violation of 18 U.S.C. § 1518, on the grounds that they fail to state an offense due to the absence of allegations relating to communication of information or records from a third party to a government investigator.[3]

Tonge has adopted Francois' arguments with regard to Counts 1, 3-13 and 15-19. Therefore, the undersigned proceeds to address Francois' arguments with regard to Counts 1, 2-13, and 34, and concludes that they do no support dismissal of those counts.

## DISCUSSION

### A.  *Count 1 does not violate the prohibition against duplicitous counts.*

The charge in Count 1 is conspiracy to commit health care fraud and mail fraud, in violation of 18 U.S.C. § 1349. The offense of health care fraud is prohibited by 18 U.S.C. § 1347 and the offense of mail fraud is prohibited by 18 U.S.C. § 1341. Francois correctly argues that health care fraud and mail fraud are separate and distinct offenses, each of which has an element not required of the other.[4] However, Count 1 does not charge the substantive offenses of health care fraud and mail fraud, which would violate the *Blockburger* test. See Blockburger v. United States, 284 U.S. 299 (1932); United States v. Schlei, 122 F.3d 944, 977 (11th Cir. 1997) ("A count in an indictment is duplicitous if it charges two or more 'separate and distinct' offenses."). Rather, Count 1 charges a single offense, namely, a multiple object conspiracy, in violation of a single statute, 18 U.S.C. § 1349 (hereafter, "Section 1349"). See Fourth Superseding Indictment [D.E. 280 at 5-8]. Such a charge is not duplicitous. See Braverman v. United States, 317 U.S. 49, 54 (1942). ("The allegation in a single count of a conspiracy to commit several crimes is not duplicitous, for 'The conspiracy is the crime, and that is one,

---

was raised only to be preserved for purposes of appeal. Therefore, the undersigned need not address this argument further.

[3] Defense counsel acknowledged at the June 12th hearing that a third party was alleged to be involved in Count 35. Therefore, the undersigned need not address this argument further with respect to Count 35.

[4] Health care fraud requires that a health care benefit program be defrauded, while mail fraud requires use of the Postal Service or other interstate carrier. Compare 18 U.S.C. § 1347 with 18 U.S.C. § 1341.

however diverse its objects'."); United States v. Diaz, 690 F.2d 1352, 1356 (11th Cir. 1982) ("An indictment may charge a conspiracy with more than one distinct substantive offense."). Therefore, the undersigned respectfully recommends that the Motions to Dismiss be denied as to Count 1.[5]

### B. Counts 2-13 sufficiently allege health care fraud offenses pursuant to 18 U.S.C. § 1347.

Title 18, United States Code, Section 1347 (hereafter, "Section 1347") makes it a crime to "knowingly and willfully execute[], or attempt[] to execute, a scheme or artifice: (1) to defraud any health care benefit program; or (2) to obtain, by means of false or fraudulent pretenses, representations, or promises, any of the money or property owned by, or under the custody or control of, any health care benefit program, in connection with the delivery of or payment for health care benefits, items, or services." 18 U.S.C. § 1347. To prove a violation of Section 1347, "the government must show that the defendant knew that the submitted claims were false." United States v. Sosa, 777 F.3d 1279, 1292 (11th Cir. 2015). "Claims are false if they are, *inter alia,* for treatment that was 'not medically necessary,' or for treatment that was 'not delivered to the patients.'" Id.

Francois argues that Counts 2-13 fail to allege the essential mens rea element of knowledge that the submitted claims were false, thereby rendering them insufficient on two

---

[5] Francois also argues that Count 1 is duplicitous because a conspiracy to commit health care fraud carries a maximum penalty of 10 years, while a conspiracy to commit mail fraud carries a maximum penalty of 20 years. At the June 12th hearing, the undersigned noted a discrepancy in the penalty sheets for Francois and Tonge as to Count 1, which showed a maximum of 10 years for Francois and 20 years for Tonge. Counsel for the government acknowledged that this was a scrivener's error and that both penalty sheets should show a maximum of 20 years for Count 1, which larger penalty is potentially applicable given that Count 1 charges the two objects of the Section 1349 conspiracy in the conjunctive. At the June 12th hearing, the government also addressed Francois' contention that the Court would not be able to properly assess punishment for Count 1. The government proffered that, at trial, the jury will be instructed to determine guilt as to each object of the Section 1349 conspiracy. An example of the use of such procedure is found in Case No. 16-20476-CR-ZLOCH (S.D. Fla.), where Count 1 of the Indictment [D.E. 3] charged a conspiracy to commit health care fraud and wire fraud in violation of Section 1349 and the jury was asked to determined which object or objects defendant conspired to commit [D.E. 117].

grounds. At the June 12th hearing, Francois acknowledged that his due process/lack of notice argument was not viable, given that he was prepared to contest the sufficiency of the allegations. Francois' other argument attacks the viability of the grand jury's finding of probable cause that the Section 1347 offenses were committed, due to the purported failure to explicitly allege that Defendants knew that the submitted claims were false.

However, the government argues that, viewing the indictment as a whole, there are sufficient allegations to support a finding of probable cause on the part of the grand jury, specifically referencing the following allegations in the Fourth Superseding Indictment:

> SERGE FRANCOIS, PATRICK TONGE, Celep Simsir, and Sonsoles Simsir knowingly caused Atlantic to submit $37,263,519 in false and fraudulent claims to TRICARE and FEHBP for compounded medications which were not medically necessary, not properly prescribed by a licensed medical professional and often not provided to TRICARE and FEHBP beneficiaries.

See Fourth Superseding Indictment [D.E. 280 at 8 ¶ 16].[6]

> On or about the dates set forth as to each count below,[7] in Miami-Dade and Broward Counties, in the Southern District of Florida, and elsewhere, the defendants, as indicated below, in connection with the delivery of and payment for health care benefits, items, and services, did knowingly and willfully execute, and attempt to execute, the above-described scheme and artifice to defraud a health care benefit program affecting commerce, as defined by Title 18, United States Code, Section 24(b), that is, TRICARE and FEHBP, and to obtain, by means of materially false and fraudulent pretenses, representations, and promises, money and property owned by, and under the custody and control of, said health care benefit programs, in that the defendants submitted and caused the submission of false and fraudulent certifications to ESI and submitted and caused the submission of false and fraudulent claims seeking the identified dollar amounts, and representing that Atlantic provided pharmaceutical items and services to TRICARE beneficiaries pursuant to a physician's orders and prescriptions.

Id. at 10 ¶ 6.[8]

---

[6] Atlantic is a Florida compounding pharmacy owned by Francois, where Tonge was employed. Id. at 4-5.
[7] Referring to Counts 2-13.
[8] "ESI" stands for Express Scripts, Incorporated, the entity that administers the prescription drug plan for TRICARE. Id. at 2.

In United States v. Seher, the Eleventh Circuit addressed the defendants' contention that certain counts "failed to charge an offense because they did not identify the requisite state of mind." 562 F.3d 1344, 1356 (11th Cir. 2009). According to the Eleventh Circuit, "[i]f the facts alleged in the indictment warrant an inference that the jury found probable cause to support all the necessary elements of the charge, the indictment satisfies the Fifth Amendment." Id. An indictment is not "defective simply because it fails to allege *mens rea* so long as the allegation that the crime was committed with the requisite state of mind may be inferred from other allegations in the indictment." Id. "As a general rule, practical, rather than technical, considerations govern the validity of an indictment." Id.

Applying these guidelines and viewing the Fourth Superseding Indictment as a whole, the undersigned concludes that the requisite knowledge that the claims listed in Counts 2-13 were false may be inferred from the above-quoted portions of the indictment. Specifically, the indictment alleges that Francois and Tonge knowingly caused the submission of claims that "were not medically necessary, not properly prescribed by a licensed medical professional and often not provided to TRICARE and FEHBP beneficiaries," see Fourth Superseding Indictment [D.E. 280 at 8 ¶ 16], and that Francois and Tonge "submitted and caused the submission of false and fraudulent certifications to ESI and submitted and caused the submission of false and fraudulent claims seeking the identified dollar amounts, and representing that Atlantic provided pharmaceutical items and services to TRICARE beneficiaries pursuant to a physician's orders and prescriptions. Id. at 10 ¶ 6. These allegations meet the knowledge requirements laid out in Sosa, 777 F.3d at 1292. Therefore, Counts 2-13 are not subject to dismissal for failure to state violations of Section 1347.

### C. Count 34 sufficiently alleges an obstruction offense.

The facts alleged in Count 34 are as follows:

On November 3, 2015, Francois "misled Special Agent Geoff Maynard by agreeing to give Special Agent Geoff Maynard a tour of Atlantic and failing to tell and show him that Atlantic occupied Room 109 within the premises of 1000 East Atlantic Blvd., Pompano Beach, Florida when, the defendant knew, in fact, that Atlantic did occupy Room 109 within the premises of 1000 East Atlantic Blvd, Pompano Beach, Florida." See Fourth Superseding Indictment [D.E. 280 at 19]. Based on these allegations, Francois is charged with violating Title 18, United States Code, Section 1518, which makes it a crime to: "willfully prevent[], obstruct[], mislead[], delay[] or attempt[] to prevent, obstruct, mislead, or delay the communication of information or records relating to a violation of a Federal health care offense to a criminal investigator." 18 U.S.C. § 1518 (hereafter, "Section 1518").

Francois argues that "[t]he plain language of Section 1518 requires the government to plead and prove that an accused attempted to interfere with the 'communication of information or records' *from one party* to a 'criminal investigator." See Defendant Francois' Motion to Dismiss Fourth Superseding Indictment [D.E. 287 at 8]. However, contrary to Francois' contention, there is nothing in the "plain language of Section 1518" requiring the involvement of a third party in the offense. Indeed, Francois' attempt to engraft the "*from one party*" language onto Section 1518 is solely based on the language of a different statute, which makes it a crime to: "willfully endeavor[] by means of bribery to obstruct, delay, or prevent the communication of information relating to a violation of any criminal statute of the United States by any person to a criminal investigator." 18 U.S.C. § 1510 (hereafter, "Section 1510"). The key distinction between Section 1510 and Section 1518 is that the former is a bribery statute, which necessarily

8

requires that a party interfere with the communication of information "by any person to a criminal investigator." 18 U.S.C. § 1510. No such requirement is evident from the language or scope of Section 1518. Therefore, Count 34 is not subject to dismissal for failure to allege a violation of Section 1518.

## **RECOMMENDATION**

In accordance with the foregoing, the undersigned respectfully recommends that:

(1) Defendant Francois' Motion to Dismiss Second Superseding Indictment [D.E. 223], Motion to Dismiss Third Superseding Indictment [D.E. 274], and Motion to Dismiss Fourth Superseding Indictment [D.E. 287] be DENIED.

(2) Defendant Tonge's Motion to Dismiss Second Superseding Indictment [D.E. 234], and Motion to Dismiss Fourth Superseding Indictment [D.E. 288] be DENIED.

Pursuant to Local Magistrate Judge Rule 4(b), the parties have <u>fourteen</u> days from the date of this Report and Recommendation to file written objections, if any, with the Honorable Darrin P. Gayles. Failure to timely file objections shall bar the parties from attacking on appeal the factual findings contained herein. See <u>Resolution Tr. Corp. v. Hallmark Builders, Inc.</u>, 996 F.2d 1144, 1149 (11th Cir. 1993). Further, "failure to object in accordance with the provisions of [28 U.S.C.] § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." See 11th Cir. R. 3-1 (I.O.P. - 3).

RESPECTFULLY SUBMITTED in Miami, Florida this 14th day of July, 2017.

ALICIA M. OTAZO-REYES
UNITED STATES MAGISTRATE JUDGE

cc: United States District Judge Darrin P. Gayles
Counsel of Record